UNITED STATES of America,
Appellant,

v.

Harold W. IVEY and Mrs. Virginia Ivey,
Appellees.

Harold W. IVEY and Mrs. Virginia Ivey,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 18568.

United States Court of Appeals
Fifth Circuit.

May 16, 1962.

Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Charles D. Read, Jr., U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., David O. Walter, Atty., Dept. of Justice, Washington, D. C., for appellant.

Allen Post, J. Wm. Gibson, Alex McLennan, Atlanta, Ga., for appellees.

Before RIVES, CAMERON, and WISDOM, Circuit Judges.

## PER CURIAM.

Both parties have petitioned for a rehearing in this case. Neither has raised any argument or cited any authorities not already considered by the Court. Accordingly, we deny the petitions. We take advantage of this opportunity, however, to clarify one aspect of our holding. 294 F.2d 799.

■ On the original hearing, we decided that the collapsible corporation provisions, Section 117(m) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 117(m) and Section 341 of the 1954 Code, 26 U.S.C.A. § 341, should not be applied to gain realized by a taxpayer through a corporate vehicle when the taxpayer would have been entitled to long-term capital gains treatment if the gain were received by the taxpayer directly in his individual capacity. The collapsible corporation statute is directed toward situations when a taxpayer has channeled regular income through the corporate form to convert it into a long-term capital gain. "The corrective statute was designed to collapse the corporate facade and impose the ordinary income treatment which the transactions deserve." 294 F.2d 799, 804. As we see it, the statute cuts both ways. To use the statute as a means of converting into ordinary income gain that would have been capital gain to the individual would be at odds with the statutory purpose and incompatible with the principles underlying the distinction between ordinary income and capital gain. We held that a taxpayer should be relieved from the literal application of the statute when his gain would have qualified as a long-term capital gain in the absence of the corporation. We remanded for a determination of the extent to which the taxpayer would have been entitled to long-term capital gains tax treatment on his earnings if he had not conducted his operations through the corporate vehicle.

■ It is suggested that this remand for a determination of the extent to which the taxpayer is entitled to relief was improper, since if the corporation is not collapsible the holding period of the stock determines whether the gain is long term or short term. This suggestion assumes that relief from the literal application of the statute is an all-or-nothing affair. It would disregard the statute altogether. *The statute's purpose is to treat the taxpayer's gain as though it had been received directly by the individual.* Under no explanation of the statute is he entitled to treat all of his gain as long-term capital gain when part of it would be to him short-term capital gain or regular income. Relief is not reward.

The proper approach for the court to follow is to determine first whether the collapsible corporation provisions in terms apply to the transactions in question. If they apply, the taxpayer should be allowed to show that in the absence of a corporation he would have been entitled to treat all or part of his gain as a long-term capital gain. To the extent that the taxpayer can make this showing he is entitled to relief from the statute's literal application, for the reasons given in our decision. The remainder of the gain should be taxed at regular income rates as provided by the statute. This approach conforms both to the statutory purpose and to the fundamental principles governing regular income and capital gains taxation.

Petitions for rehearing are

Denied.

CAMERON, Circuit Judge (concurring in part and dissenting in part).

Being still of the opinion that the lower court correctly decided the entire con-

troversy presented by this appeal, I dissent from so much of the majority opinion upon Petition for Rehearing as is inconsistent with the judgment appealed from.